IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| James Green | ) |
| *Plaintiffs* | ) ) ) |
| -vs- | ) *jury demand* ) |
| City of Kankakee, City of Kankakee Police Officer Martinez | ) ) ) |
| *Defendants* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows

1. This is a civil action arising under 42 U.S.C. Section 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1343 and 1367.

2. Plaintiff James Green is a resident of the Central District of Illinois.

3. Defendant City of Kankakee is an Illinois municipal corporation.

4. Defendant City of Kankakee Police Officer Martinez was at all times relevant acting under color of his office as a police officer of the City of Kankakee Illinois; Martinez is sued in his individual capacity.

5. On June 12, 2015 at about 7:50 p.m., plaintiff was lawfully operating his motor vehicle in the vicinity of Oak and Hobby Streets in the City of Kankakee, Illinois when he was pulled over by defendant Martinez. Martinez had no lawful basis for stopping plaintiff.

6. In response to Martinez' request, plaintiff produced proof of identification and insurance; Martinez used his police radio and verified that plaintiff had a valid driver's license.

7. After Martinez had verified that plaintiff had valid driver's license, he ordered plaintiff to step out of his vehicle and face the vehicle.

8. Martinez did not have a lawful basis to order plaintiff to exit his vehicle.

9. Plaintiff knew that defendant Martinez had a personal animus toward plaintiff and his family and reasonably believed that he was "in for a beating," i.e., that Martinez had ordered him out of the car in order to beat and strike plaintiff.

10. Plaintiff sought to avoid a beating by fleeing from the scene. Martinez chased plaintiff and used a taser to cause plaintiff to fall to the ground.

11. After immobilizing plaintiff with the taser, Martinez used a metal baton to strike plaintiff on his right hand, causing plaintiff to receive

a fracture of his 3rd and 4th proximal phalanx and an open fracture of the fourth finger of his right hand.

12. Martinez handcuffed plaintiff after breaking plaintiff's right hand.

13. After handcuffing plaintiff, Martinez searched plaintiff and found United States Currency that plaintiff had obtained through lawful means.

14. Plaintiff was taken from the scene to Presence St. Mary's Hospital by ambulance.

15. At the hospital, Martinez handcuffed plaintiff to a hospital bed, wrote plaintiff a warning ticket for speeding and prepared a form advising plaintiff that some, but not all, of the United States Currency plaintiff had had on his person was being seized pursuant to the Illinois Cannabis Control Act.

16. Martinez did not prepare any paperwork about the remainder of the United States Currency he had seized from plaintiff.

17. Martinez gave the warning ticket and notice of seizure to nursing staff and left the hospital, leaving plaintiff handcuffed to a bed.

18. Hospital staff eventually removed the handcuffs and, after he received emergency medical treatment, plaintiff left the hospital.

19. Plaintiff has undergone surgery to correct the fractures on his right hand and is currently wearing a cast on his right hand while the fractures heal.

20. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments and incurred serious personal injuries.

21. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that appropriate compensatory and punitive damages be awarded against defendant Martinez and that the Court enter a declaratory judgment that the City of Kankakee is liable, as the indemnifier, for any award of compensatory damages against Martinez.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorney for plaintiff*